UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

      Plaintiff,

vs                              Case No: 05-80187
                                   Honorable Victoria A. Roberts

VENIAMIN GONIKMAN,

      Defendant.

_____/

**OPINION REGARDING APPLICATION
OF CHAPTER THREE ADJUSTMENTS**

## I.    INTRODUCTION

Defendant disputes the applicability of three adjustments to his base offense level under Chapter Three of the Sentencing Guidelines Manual. The disputed adjustments are for: (1) Vulnerable Victim, §3A1.1(b)(1); (2) Leader/Organizer criminal activity with more than five participants, §3B1.1(a); and (3) Obstructing and Impeding Administration of Justice, §3C1.1.

Defendant also reserved the right to object at the time he entered into the Rule 11 Agreement to a two-point enhancement for transporting, smuggling or harboring six or more unlawful aliens, §2L1.1(b)(2)(a). However, in his objections to the PSIR, Defendant states that "the government has since identified six women who were given aid or encouragement by Gonikman for illegal entry into the U.S." Defendant says he no longer makes a specific objection to this adjustment, but will "offer further

explanation for this conduct and argue that any two-level enhancement results in an overstatement of the harm caused in this situation."

## II.     ANALYSIS

### A.     Defendant's Legal Objection to Chapter Three Adjustments

Defendant says the Chapter Three adjustments in the PSIR are inapplicable as a matter of law because they do not relate to the offense of conviction.  Gonikman pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The elements of the offense, as set forth in the Rule 11 Plea Agreement are:

1.     The defendants would transport, transmit or transfer a monetary instrument or funds (or attempt to do so);

2.     That the movement of the monetary instrument or funds was from a place in the United States to or through a place outside the United States; and

3.     That the movement of monetary instrument or funds was done with the intent to promote the carrying on of specified unlawful activities - in this case immigration violations.

Thus, the offense of conviction is money laundering, though the underlying crimes are immigration violations.

Section 2S1.1(a)(1) of the Guidelines, Laundering of Money, provides that the base offense level is the offense level for the underlying offense from which the laundered funds were derived, if the defendant committed the underlying offense, and the offense level for that offense can be determined.  The underlying offense in this case is Smuggling, Transporting, or Harboring Unlawful Aliens, §2L1.1(a)(2), with a

base offense level of 12.

As Defendant points out, the Commentary to §2S1.1 specifically addresses the applicability of Chapter Three adjustments to the offense of money laundering.  Note 2(c) states:

> <u>Application of Chapter III Adjustments</u> - notwithstanding §1B1.5(c) in cases in which subsection (a)(1) applies, application of any Chapter III adjustments shall be determined based on the offense covered by this guideline (i.e. the laundering of criminally derived funds), and not on the underlying offense from which the laundered funds were derived.

Thus, Defendant says, any Chapter III adjustments must be based solely on the money laundering offense, not the immigration offense or any other offense.  The Court may not consider the offense of involuntary servitude or conspiracy to commit forced labor, to which co-conspirators Maksimenko and Arnov pled guilty.

Defendant then argues that the three disputed adjustments do not apply because they do not relate to the offense of conviction, money laundering.  Defendant says the vulnerable victim enhancement does not apply because "society at large" is the victim of money laundering, not individual women.  Defendant says the leader/organizer of criminal activity involving five or more participants does not apply because there were no persons other than Arnov, Maksimenko, and Gonikman involved in the money laundering offense.  Lastly, Defendant says the obstruction enhancement should not be applied because "the question still remains whether the obstruction was with respect to the administration of justice with respect to the investigation, prosecution, or sentencing

of the instant offense of conviction, which in this case is money laundering with the

underlying immigration offense as specified unlawful activity.

The Court disagrees with Defendant's position that the offense of conviction --

money laundering -- precludes the Court from applying the three dispute adjustments.

### 1.    Vulnerable Victim Enhancement

Section 3A1.1(b)(1) provides a two-level enhancement "If the defendant knew or

should have known that a victim of the offense was a vulnerable victim."  Application

Note 2 explains: "'Vulnerable victim' means a person (A) who is a victim of the offense

of conviction and any conduct for which the Defendant is accountable under § 1B1.3

(relevant conduct); and (B) who is unusually vulnerable due to age, physical or mental

condition, or who is otherwise particularly susceptible to the criminal conduct."

Defendant says the women are not victims, let alone vulnerable victims, of the

offense of money laundering.  "Money laundering harms society by 'disbursing capital

from lawfully operating economic institutions to criminals in and out of the country.'"

*United States v. Beddow*, 957 F.2d 1330, 1339 (6th Cir. 1992).

Although the Sixth Circuit does not appear to have addressed this precise

argument, the Ninth Circuit explicitly rejected it.  In *United States v. Johnson*, 297 F.3d

845, 873 (9th Cir. 2002), defendants were convicted of money laundering, among other

crimes, for their role in a fraudulent telemarketing scheme.  On appeal, one defendant

argued that "because money laundering is a victimless crime, the trial court erred in

applying the vulnerable victim enhancement of §3A1.1(b) to his group for conspiracy to

commit promotional money laundering."  *Id.*  The Ninth Circuit disagreed, holding that

the vulnerable victim enhancement applies to the offense of money laundering

4

whenever the offense of conviction involved "'relevant conduct' that victimized a person that the defendant know or should have known was vulnerable." *Id.* The Guidelines define relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense." §1B1.3(a).

Applying this rule to the facts, the Ninth Circuit held:

In committing the crime of conspiracy to commit promotional money laundering, [defendant] engaged in overt acts in the form of wire fraud and mail fraud, which provided the illicit funds necessary to finance additional criminal activity. These acts of fraud involved vulnerable victims. Therefore, the district court was correct to apply the vulnerable victim enhancement to [defendant]'s group for conspiracy to commit promotional money laundering. *Johnson*, 297 F.3d at 873.

Here, the Court could apply the vulnerable victim enhancement if it finds that Defendant or other members of the conspiracy engaged in "relevant conduct" that occurred during the commission of the offense of money laundering. The Court could find that the immigration offenses were relevant conduct to the underlying offense of money laundering, and that the immigration offenses involved vulnerable victims. Defendant's objection that §2S1.1 legally bars the Court from applying the adjustment is without merit.

In the alternative, Defendant argues that, factually, the women do not qualify as

5

vulnerable victims.  The Court will need to resolve factual disputes at the hearing.
"Whether a victim qualifies as 'unusually vulnerable' is a factual finding . . ." *United
States v. Bolze*, 444 Fed. Appx. 889, 892 (6th Cir. 2012).

### 2.   Leader Organizer Enhancement

Defendant similarly objects to the four-level adjustment for organizer/leader of
criminal activity involving five or more participants under §3B1.1(a).  Like the vulnerable
victim adjustment, he says this adjustment must be determined based on the offense of
conviction -- money laundering -- and not on the underlying offenses, the immigration
violations.  He then says that the money laundering offense did not involve five or more
participants, so the adjustment cannot apply.

Again, the Court disagrees.  The Court may consider all relevant conduct, not
simply the acts of the underlying conviction.  The Introductory Commentary to Section
3B rejects Defendant's argument, stating: "The determination of a defendant's role in
the offense is to be made on the basis of all conduct within the scope of §1B1.3
(Relevant Conduct). i.e., all conduct included under §1B1.3(a)(1)-(4), and not solely on
the basis of elements and acts cited in the count of conviction."

An analogous Sixth Circuit case, *United States v. Young*, 266 F.3d 468 (6th Cir.
2001), contradicts Defendant's position.  In that case, the defendant pleaded guilty to
embezzlement and money laundering.  The precise issue on appeal was whether the
district properly used the defendant's embezzlement activities as relevant conduct to
enhance the money laundering offense . . . for "abuse of position of trust."
*Id.* at 475.  Abuse of position of trust, like organizer/leader of criminal activity, is an
adjustment that can be applied under § 3B based upon the defendant's role in the

6

offense. The Court held that the embezzlement crime was relevant conduct that could be considered to enhance the money laundering offense level. The Court held that the position of trust the defendant abused to embezzle funds was sufficiently related to the money laundering offense to constitute relevant conduct that would justify the abuse of trust enhancement. *Id.* at 474.

Here, when deciding whether to apply the aggravating role enhancement, the Court is similarly not constrained to the acts underlying the money laundering offense. The Court may consider all other relevant conduct to determine if the enhancement applies.

In the alternative, Defendant challenges that factual basis behind the Government's assertion that he was the leader. Factual disputes will be resolved at the hearing.

### 3.    Obstruction Enhancement

The principle that the Court may consider relevant conduct beyond the underlying acts of the offense of conviction to determine whether to apply an enhancement, discussed above, applies with equal force to the obstruction of justice enhancement. In fact, the guidelines explicitly say so. §1B1.3 (relevant acts include acts that occur "in the course of attempting to avoid detection or responsibility for that offense").

Thus, Defendant's argument that it is unclear whether alleged attempts to intimidate the girls' mothers even relate to the conviction of money laundering are without merit. That said, Defendant denies that any attempts to intimidate or to otherwise obstruct justice ever occurred; the Court will resolve these factual disputes at

7

the hearing.

**IT IS ORDERED**.

s/Victoria A. Roberts_____
Victoria A. Roberts
United States District Judge

Dated:  May 23, 2012

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 23, 2012. |
| --- |
| s/Linda Vertriest_____<br>Deputy Clerk |

8